UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **JEFFREY WILLIS** | : | **CASE NO. 3:13-cv-00358** |
| *Plaintiff*, | : | **JUDGE THOMAS M. ROSE** |
| v. | : | |
| **MONTGOMERY COUNTY PUBLIC DEFENDERS OFFICE, et al.** | : | |
| *Defendants*, | : | |

**ENTRY AND ORDER GRANTING DEFENDANTS MONTGOMERY COUNTY PUBLIC DEFENDER'S OFFICE AND MONTGOMERY COUNTY PUBLIC DEFENDER COMMISSIONERS' MOTION TO DISMISS, ECF No. 11.**

Pending before the Court for decision is a Motion to Dismiss filed by Montgomery County Public Defender's Office and Montgomery County Public Defender Commissioners[1] (Defendants). ECF No. 11. Therein, Defendants assert Jeffrey Willis' (Plaintiff) Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff asserts four claims against Defendants: race discrimination, disability discrimination, violation of public policy, and maintaining a hostile work environment. ECF No. 1 at 5-7.

Plaintiff alleges that Defendants have racially discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. because he was asked to

---

[1] Plaintiff named two Defendants in his Complaint: Montgomery County Public Defender's Office and Montgomery County Public Defender Commissioners.

1

perform duties outside the scope of his employment while similarly situated white employees were not asked to do the same. *Id.* at 1, ¶ 26.   Next Plaintiff alleges that Defendants have discriminated against him for a disability, in violation of the Americans with Disabilities Act as Amended 42 U.S.C. § 12101 et seq., 42 U.S.C. §§ 1981 and 1983, O.R.C. 4112.01 et seq., because of continued aggravation after developing the disability of stress due to Defendants actions. *Id.* at 1, ¶¶ 30-31. Further, Plaintiff asserts that Defendants have violated public policy because their malicious conduct is against the "manifest weight of law and unwritten law." *Id.* at ¶¶ 33-34. Finally, Plaintiff asserts that Defendants have maintained a hostile work environment because of the "verbal abuse, false allegations, and other negative behavior" creating medical issues from the undesirable atmosphere. *Id.* at ¶¶ 37-38.

Defendants respond that Montgomery County Public Defender Commissioners (Public Defender Commissioners) are not the employer of the Plaintiff and there are no allegations against or mention of the Public Defender Commissioners in the Complaint. Therefore, all counts against the Public Defender Commissioners should be dismissed. ECF  No. 11 at 3. As for the claims, Defendants respond that there is no showing of racially motivated treatment against Plaintiff and there have been no actions taken by the Defendants to materially change his employment. *Id.* at 5-6. Additionally, Defendants state that the disability claim is not plausible because Plaintiff has identified stress as a disability without alleging any impairment, knowledge by the Defendants of the impairment, or adverse change in employment. *Id.* at 7-8. Further, Defendants note that the public policy claim is insufficient because Plaintiff did not state a public policy that was violated by the defendants. *Id.* at 8-9. Finally, Defendant responds that Plaintiff's hostile work environment claim is insufficient because Plaintiff has conclusively said he is being targeted because he is a black male without any facts to support this claim. Since Plaintiff failed

to plead plausible claims of race discrimination, disability discrimination, violation of public policy, and hostile work environment, the Court grants Defendants' Motion to Dismiss with regard to all claims.

## I. Factual Background

Per the Complaint, Plaintiff is a black male who has been working as a full time receptionist with the Montgomery County Public Defender's Office since February 2006. ECF No. 1 at ¶¶ 1, 3-4. During his employment, Willis asserts that he has been forced to complete work outside the scope of his job description while a white female coworker has been able to refuse work outside of her job description. *Id.* at ¶¶ 4-5. In 2009, several years after being employed, Plaintiff was asked to increase his quantity of work by completing tasks for the Vandalia courts, Miamisburg courts, Dayton Municipal courts, as well as video arraignments, and working on the Montgomery County Common Pleas court docket. *Id.* at ¶¶ 5-6.

Also in early 2009, Plaintiff's immediate supervisor retired and a new supervisor named Shelia was selected to oversee him. *Id.* at ¶ 7. Plaintiff's new supervisor placed him in a space near the secretaries to complete his work. *Id.* at ¶8. Some of the white females working near Plaintiff did not like his new location and began to complain as well as make comments including that he was "hardheaded" and "[a]rrogant". *Id.* at ¶¶ 8-9.

In October 2012, a white volunteer intern named Ally, the daughter of one of the white office employees, began working at the Public Defender's Office and Plaintiff was asked to train her on how to take jail videos and answer phones. *Id.* at ¶¶ 12-13. After her internship, Ally was hired full time in December 2012. *Id.* at ¶ 13. Ally expressed an unwillingness to take the jail videos and was informed by her employer that she would no longer have to take the videos. *Id.* at

¶ 14. Subsequently, Plaintiff met with Sheila, a white female employee named Dinah[2], and another white male supervisor named Rudy where Plaintiff was informed that he would have to perform any duties assigned to him, including taking the videos that Ally did not want to take. *Id.* at ¶¶ 11, 15. Plaintiff refused to complete the jail videos that Ally was told she no longer had to perform. *Id.* at ¶ 16.

In May 2013, allegations arose by Ally asserting that Plaintiff was sexually harassing her. *Id.* at ¶ 17. A short two-day investigation was conducted and Plaintiff was disciplined for his assertive behavior and lack of boundaries. *Id.* at ¶¶ 18-19. Due to the comments made by office staff, the increased workload, and the sexual harassment incident, Plaintiff sought medical attention for the increased stress in his life. *Id.* at ¶ 20. The doctor recommended that he stay home from work several times to try and relieve some of the stress he was feeling. *Id.* at ¶ 21. Then in June 2013, and multiple times thereafter, Plaintiff asked his employer if he could be moved to another work location but his employer did not offer any accommodation. *Id.* at ¶ 22.

On October 17, 2013, Plaintiff filed a complaint asserting racial discrimination, disability discrimination, violation of public policy, and hostile work environment. On April 9, 2014, Defendants filed a motion to dismiss all claims. On April 30, 2014, Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss. Currently the motion to dismiss is ripe for decision.

## II. Jurisdiction

The Court has federal question jurisdiction in this present case pursuant to 28 U.S.C. § 1331 for the racial and disability discrimination claims. The Court also exercises supplemental

---

[2] The Court believes that Plaintiff is referring to the same individual in ¶ 11 of the Complaint, Dinah, and ¶ 15 of the Complaint, Dianh.

jurisdiction over the public policy and hostile work environment claims pursuant to 28 U.S.C. § 1367.

### III. Standard of Review

Defendants seek dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 8, and 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not have to contain detailed factual allegations, but it does require more than accusations without any factual information in support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Simply reciting the elements of a cause of action is insufficient to meet the requisite pleading standard. *Id.*

The reason to file a motion under Federal Rule of Civil Procedure 12(b)(6) is to verify the adequacy of the complaint. In order for the Plaintiff to survive a motion to dismiss, the filed complaint needs to contain factual allegations that when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). The plausibility requirement means that the complaint has to contain enough facts to suggest that the defendant is responsible for the injustices alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must include facts that push the claim past the threshold of conceivability into the realm of plausibility. *Id.* (citing *Twombly*, 550 U.S. at 556). However, the court will develop all reasonable inferences that could be gleaned from the pleading. *Fitzke v. Shappell*, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972). The court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). If a

pleading is insufficient based on these requirements then Federal Rule of Civil Procedure 12(b)(6) provides a defense and allows a court to dismiss the claim.

## IV. Analysis

Defendants' motion to dismiss argues that Plaintiff's claims against the Public Defender Commissioners should be dismissed because the Public Defender Commissioners are not the employer of Plaintiff. ECF No. 11 at 3. Defendants also argue that Plaintiff's racial discrimination claim should be dismissed for lack of factual allegations. *Id.* at 5. Further, Defendants argue that Plaintiff's disability discrimination claim should be dismissed because he failed to demonstrate enough facts to support the claim. *Id.* at 7. Also, Defendants argue that Plaintiff's public policy claim is unwarranted because he pleads nothing to demonstrate that current laws are inadequate to protect Plaintiff. *Id.* at 8. Lastly, Plaintiff's hostile work environment claims should be dismissed because the work environment described is insufficient to amount to a hostile work environment. *Id.* at 9-10.

### 1. Plaintiff is Not Employed by the Public Defender Commissioners

Defendants assert that since the Public Defender Commissioners are not Plaintiff's employer or specifically mentioned in the complaint, all counts against the Public Defender Commissioners should be dismissed. ECF No. 11 at 3. Defendants support this by citing to Ohio Revised Code § 120.14 where the Public Defender Commissioners are only responsible for the employment of the county public defender and they make no determination in selection or management of the other support staff. *Id.* at 4.

As Defendants point out, "[t]he determination of whether a particular entity is an employer of a Title VII plaintiff involves an examination of whether the alleged employer

6

exercises control over the manner and means of the plaintiff's work." *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003).

According to Ohio Revised Code § 120.14, the Public Defender Commissioners have no authority or ability to control Plaintiff's employment. Also, Plaintiff has failed to provide any reason why the Public Defender Commissioners should be a named defendant and not dismissed from the present action. ECF No. 1 & 14. Since the Public Defender Commissioners are not capable of controlling Plaintiff's employment, not responsible for monitoring Plaintiff's work environment, and because Plaintiff failed to specifically allege any wrongdoing by the Public Defender Commissioners or basis for liability, all claims against the Public Defender Commissioners are dismissed.

### 2. Racial Discrimination

Defendants assert that Plaintiff's employment discrimination claim, based on race, should be dismissed because Plaintiff failed to meet the heightened pleading standard of *Twombly*, and Plaintiff did not plead any racially motivated actions, disparate treatment, or adverse employment by Defendants. ECF No. 11 at 5. Defendant also asserts that Plaintiff failed to provide any facts regarding race as the reason for his treatment. *Id.*

Section 1981 prohibits intentional race discrimination by employers. 42 U.S.C. § 1981. To prevail on a Title VII discrimination claim, a plaintiff must establish the burden-shifting standard of proof demonstrated in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802-04 (1973) as follows:

> (1) the plaintiff must establish a prima facie case of racial discrimination;
> (2) the employer must articulate some legitimate, nondiscriminatory reason for its actions; and
> (3) the plaintiff must prove that the stated reason was in fact pretextual.

7

*Hollins v. Atlantic Co.*, 188 F.3d 652, 658 (6th Cir. 1999) (citing *McDonnell*, 411 U.S. at 802-04)). In order to establish a prima facie case of racial discrimination in the Sixth Circuit, a plaintiff needs to show:

> (1) he was a member of a protected class;
> (2) he suffered an adverse employment action;
> (3) he was qualified for the position from which he was discharged; and
> (4) he was either replaced by someone outside the protected class or treated differently than similarly situated, non-protected employees.

*Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 728 (6th Cir. 2004) (citing *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002)). Also, the Sixth Circuit has held that "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 882 (6th Cir. Ohio 1996) (citing *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987)). Also, a "mere inconvenience or an alteration of job responsibilities" is not enough to establish an adverse employment action. *Kocsis*, 97 F.3d at 886.

Here, Plaintiff has pled that he is a black male who worked with other white female employees. In particular he worked closely with a white female employee Ally who was hired to perform similar duties as Plaintiff such as answer phones and take jail videos. When Ally decided that she no longer wanted to take jail videos, Plaintiff was told by a white male supervisor that he would have to take the jail videos and would have no choice in job assignments.

These alleged facts alone do not meet the plausibility requirements of *Twombly* to establish racial discrimination. Plaintiff is a black male who can be considered a member of a protected class, but he has not provided enough information to allege an adverse employment

action. Plaintiff does not allege that he was fired, failed to receive a promotion, or that he was constructively discharged. Plaintiff only alleges that he was forced to complete certain job duties when another employee no longer wanted to complete the jail videos. This amounts to an inconvenience for Plaintiff because his job responsibilities were altered, but there is not enough to demonstrate that his employment was adversely affected because of his race. As such, Plaintiff has failed to meet his pleading burden by not satisfying the prima facie requirements for a racial discrimination claim.

### 3. Disability Discrimination

Defendants believe that because Plaintiff made the conclusory statement that stress is a disability without providing further facts, he has failed to state a claim entitling him to relief. ECF No. 11 at 7. Further, because Plaintiff failed to plead an adverse employment action or demonstrate how unaltered job responsibilities equate to discrimination based on his alleged disability. *Id.* at 8.

In order to establish a prima facie case of disability discrimination a plaintiff must prove:

(1) that he was "disabled" within the meaning of the Act;

(2) that he was qualified for the position, with or without an accommodation;

(3) that he suffered an adverse employment decision with regard to the position in question; and

(4) that a non-disabled person replaced her or was selected for the position that the disabled person had sought.

*Kocsis*, 97 F.3d at 882. In order to show a "disability," the plaintiff must show that he had an impairment that "substantially limited [his] major life activities, that [he] had a record of such an impairment, or that [he] was perceived as having such an impairment. *Id.* at 884. As mentioned above, "reassignments without salary or work hour changes do not ordinarily constitute adverse

9

employment decisions in employment discrimination claims." *Id.* at 885 (citing *Yates*, 819 F.2d at 638). Also, a "mere inconvenience or an alteration of job responsibilities" is not enough to establish an adverse employment action. *Kocsis*, 97 F.3d at 886.

Based on the facts pled by Plaintiff it is plausible that the alleged disability, stress, could establish that Plaintiff is disabled under the Act. It is also plausible that Plaintiff was qualified for his position given the length of time he worked for his current employer and the amount of job responsibilities he had acquired. However, as previously discussed, Plaintiff has failed to plead enough facts to demonstrate that he suffered an adverse employment decision. Plaintiff only alleges that he was forced to complete certain job duties when another employee no longer wanted to complete the jail videos. This amounts to an inconvenience for Plaintiff because his job responsibilities were altered but there is not enough to demonstrate that his employment was adversely affected because of his race. Plaintiff has failed to meet his pleading burden by not satisfying the prima facie requirements for a disability discrimination claim.

### 4. Public Policy

According to Defendants, Plaintiff fails to allege any information for which a public policy claim exists. ECF No. 11 at 8. Additionally, Plaintiff fails to provide any basis for how state and federal discrimination statutes are not protecting him. *Id.* at 9.

Defendants demonstrate that a public policy discrimination claim can only proceed when Plaintiff demonstrates that state and federal disability laws are insufficient to protect him. *Hicks v. Novartis Pharmaceuticals Corp.*, 457 F.Supp.2d 814, 831, 97 (S.D. Ohio 2005).

Here, the Civil Rights Act of 1964 and the Americans with Disabilities Act are available to protect Plaintiff from the wrongs alleged in his complaint. Since federal statutes are in place to

protect Plaintiff and he has failed to demonstrate why these laws are insufficient, Plaintiff has failed to meet his pleading burden for a public policy claim.

### 5. Hostile Work Environment

Defendants believe that Plaintiff has failed to allege sufficient facts for a hostile work environment claim because Plaintiff has failed to demonstrate whether or not his claim is based upon Title VII. ECF No. 11 at 9. If it is a claim under Title VII, it is still not a sufficient pleading because Plaintiff fails to show any connection between the alleged comments and his race, color, religion, sex, or national origin. *Id.* at 9-10. Also, Plaintiff has failed to show how any of the alleged harassment affected his workplace performance. *Id.* at 10.

For a hostile work environment claim, "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (U.S. 1993). These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Id.* This totality of the circumstances test looks at the work environment as a whole to determine if the combination of conduct amounts to a hostile work environment. *Williams v. GMC*, 187 F.3d 553, 562 (6th Cir. Ohio 1999).

When applying the above test it is necessary to establish that the work environment is both objectively and subjectively hostile. *Id.* at 566 (citing *Harris*, 510 U.S. at 21-22)). This means that a reasonable person must consider the work environment to be hostile and the plaintiff must also perceive the work environment to be hostile. *Williams*, 187 F.3d at 568.

When establishing a prima facie case of hostile work environment under Title VII, the plaintiff must demonstrate that:

(1) He was a member of a protected class;

(2) He was subjected to unwelcome harassment;

(3) The harassment was based on race, religion or national origin;

(4) The harassment unreasonably interfered with his work performance by creating intimidating, hostile, or offensive work environment; and

(5) The employer is liable.

*Ejikeme v. Violet*, 307 F. App'x 944, 949 (6th Cir. 2009) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 2005)). A prima facie case for hostile work environment has not been established where a Plaintiff was subjected to scattered comments such as "horse" and "disgusting" with no apparent connection to race, religion or national origin. *Ejikeme*, 307 F. App'x at 949. Further, "Title VII was not meant to create a 'general civility code,' and the 'sporadic use of abusive language, gender-related jokes, and occasional teasing' are not sufficient to establish liability." *Clark v. UPS*, 400 F.3d 341, 352 (6th Cir. 2005) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (U.S. 1998)).

Here the Plaintiff has pled that he was subjected to verbal abuse, false allegations, and other negative behaviors. However, scattered comments made to Plaintiff including that he was "hardheaded" and "arrogant" as well as the sexual harassment allegations without any alleged connection to race, religion, or national origin do not establish a plausible hostile work environment claim. Also, under a Title VII hostile work environment claim, Plaintiff has failed to allege that any of the potential harassment was based on race and how the work environment he was being subject to was affecting his work performance. When examining the totality of the circumstances and also the elements of a Title VII hostile work environment claim, Plaintiff has failed to plead sufficient facts to demonstrate a prima facie case.

**V. Conclusion**

Plaintiff has failed to provide any justification for why the Public Defender Commissioners are properly named as a defendant in this case. Plaintiff has also failed to allege any adverse employment decision by his employer, failed to demonstrate why the current state and federal laws are insufficient to protect him, and also failed to plead enough facts to show his work environment is hostile. Therefore, it is ORDERED that Defendants' Motion to Dismiss for failure to state a claim is fully **GRANTED**.

It is further ORDERED that Plaintiff's Complaint and all claims against Defendants shall be **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend his Complaint, consistent with this opinion, by June 16, 2014.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 2, 2014.[3]

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges the valuable contribution of judicial extern Jacob Gebelle of the University of Dayton Law School in the drafting of this order.